[Crim. No. 984.   Fourth Dist.   Mar. 15, 1955.]

THE PEOPLE, Respondent, v. JACK VERNON SMITH, Appellant.

Gerald F. Schulte for Appellant.

Edmund G. Brown, Attorney General, and James C. Maupin, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was charged with a violation of Penal Code, section 261, subdivision 3, in that on July 24, 1954, he accomplished an act of intercourse with the complaining witness against her will and over her resistance. He was also charged with a prior conviction of assault with intent to commit rape, with a prison term served. He pleaded not guilty and admitted the prior conviction. After a trial before the court without a jury he was found guilty. Probation was denied and he was sentenced to state prison for the term provided by law. He has appealed from the judgment, with a purported appeal from an order denying his motion for a new trial, although the record does not disclose that such a motion was made.

The incident in question occurred about 1 a. m. on July 24, 1954. The complaining witness testified that she was sleeping in a bedroom in her home and that her children, one 19 months old and the other 3 months old, were sleeping in the same room; that she awoke and saw the defendant standing by her bed; that she raised herself and screamed; that he grabbed her and put his hand over her mouth; that he told her not to scream and that it would not do any good to scream; that when he let go of her mouth she screamed again; that he then said, "If you scream I will kill you"; that she pleaded with him, fought with him, and tried to get loose but he would not let her go; and that he accomplished his purpose.

When the defendant left, the complaining witness ran to

the home of her parents who lived next door. She was crying and practically in hysterics when she woke her mother. Her mother and father dressed and went to look for the appellant but did not find him. Police officers were called and two officers arrived at 2:50 a. m. One of these officers testified that when he arrived the complaining witness was crying; that there was a smudge mark on her face and also a slight abrasion on the side of the jaw below the mouth; that they tried to talk to her but could not get much of a statement; that she was walking the floor and crying all the time; that they could not get a statement that you could really put together until after they got her into the doctor's office; and that they arrived at the doctor's office with her at 3:15 a. m. The other officer testified that when they arrived the complaining witness was crying and wringing her hands, that "she didn't seem to make much sense when we talked to her, until we kind of got her quieted down," and that "there was marks across her mouth, kind of abrasions" which were "right over her mouth, on each side." The doctor testified that he examined the complaining witness about 3:15 a. m.; that he found evidence of recent intercourse, with a slightly swollen condition; that he did not notice any smudge marks or anything about her head; and that she was quite emotionally upset.

The defendant was picked up shortly after the doctor's examination, and before morning he made two statements to the officers which strongly indicate an admission of guilt.

█ The appellant contends that the evidence is not sufficient to sustain the verdict, because the evidence for the prosecution was inherently improbable, and because it was not sufficient to support a finding of resistance on the part of the complaining witness. It is argued that the evidence of screaming and struggling, to which the complaining witness testified, is unbelievable because there is no evidence that this aroused the two children sleeping in the same room, or her parents who lived next door; that her testimony that her bedroom window was closed before the appellant came, and open after he left, is improbable because most people in that area leave their windows open on summer nights; that the evidence as to smudges and bruises about her mouth is unbelievable because while three witnesses testified that they saw them the doctor testified that he did not notice such marks, and two witnesses for the appellant testified that they saw no such bruises or smudges when they saw her the next day; and that the testimony as to her hysterical condition is unbelievable because one of the officers testified that they

got her quieted down in about 10 minutes after they arrived, while the other testified that they were unable to get an understandable statement from her until they arrived at the doctor's office some 15 minutes later. Obviously, these matters relate to conflicts in the testimony or to inferences which might be drawn therefrom. No inherent improbability appears and these matters presented factual questions for the trial court. The appellant admitted the act of intercourse, but testified that this occurred with the consent of the complaining witness. The trial judge was convinced that the complaining witness was telling the truth, and so stated. There was ample evidence to support the implied finding of resistance (*People* v. *Cassandras*, 83 Cal.App.2d 272 [188 P.2d 546]), and the evidence as a whole was entirely sufficient to support the finding of guilt and the judgment.

It is further contended that the court committed error in basing his decision, at least in part, on a mistake as to the facts. In commenting on the evidence, after both sides had rested, the judge remarked that the doctor had testified that he did not pay any particular attention to the victim's face, and that the doctor was more interested in another part of her anatomy about which he testified. It is argued that the doctor did not testify that he paid no particular attention to her face, but merely testified that he did not notice any marks on her face or any place about her head. The judge's remark was a reasonable inference from the doctor's testimony as a whole, and could have had no erroneous effect on the judgment. Three weeks later, at the time of pronouncing judgment, in response to the defendant's assertion that a certain statement in the probation officer's report was wrong, the court remarked, "Well, as I say, it seems rather peculiar that two women, who are total strangers, apparently would find it necessary to file the same charge against you." It is argued that the court thus mistakenly assumed that the prosecuting witness was a total stranger to the appellant, whereas the evidence shows they had known each other for many years. It is obvious that in making this remark the court referred to the complaining witness and the woman involved in the prior conviction as being total strangers to each other, and neither error nor any possible prejudice appears.

The purported appeal from an order denying a new trial is dismissed. The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.